IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



GEORGE VERNON CHILES, §
 §
  Plaintiff, §
 §
VS. § NO. 4:10-CV-136-A
 §
G. G. HEMPSTEAD, §
 §
  Defendant. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for summary judgment of defendant, G. G. Hempstead. The court has concluded that such motion should be granted, and that all claims and causes of action asserted by plaintiff, George Vernon Chiles, against defendant should be dismissed.

I.

The Nature of Plaintiff's Claims

This action was initiated February 26, 2010, by the filing of plaintiff, acting pro se, of his complaint against defendant, a Fort Worth police officer.[1] Plaintiff alleges that his "action arises under 42 USC 1983, the Fourth Amendment to the United

---

[1] Plaintiff sued defendant only in the latter's individual capacity.

States Constitution, the Texas Civil Practice and Remedies Code, the Texas Code of Criminal Procedure and the Texas Penal Code." Compl. at 1, ¶ 1. In his brief in support of his response to the motion for summary judgment, plaintiff recharacterizes his claims by saying that "[h]e claims actual and punitive damages under 42 USC 1983 for unreasonable seizure and the torts under Texas law of false imprisonment (unlawful restraint) without reasonable suspicion and terrorist threat." Resp. at 4.

The allegations of the complaint disclose in significant detail plaintiff's perception of interactions between plaintiff and defendant in February 2008 that started when defendant, while on duty as a police officer, approached defendant as he was walking along a street in a residential neighborhood in Fort Worth, Texas, carrying a bundle of coat hangers, and inquired of him, "Do you live around here?" Compl. at 3, ¶ 7. Plaintiff refused to respond because he was not under arrest, and started walking again. Because of plaintiff's refusals to respond to inquiries directed to him by defendant, and perhaps for other reasons, the interactions between plaintiff and defendant led to another or other police offices coming to the scene, and ultimately to the arrest of plaintiff.

2

In the final analysis, plaintiff complains that defendant did not exercise appropriate restraint when plaintiff repeatedly provoked her by his refusals to cooperate with what appear from plaintiff's allegations to have been reasonable inquiries directed by defendant to plaintiff.[2]

II.

The Motion and Response

Defendant asserts in her motion documents that she is entitled to grant of summary judgment as to defendant's federal law claims because plaintiff has failed to adduce evidence that would overcome defendant's pleaded qualified immunity defense and, as to his state law claims, because plaintiff has failed to adduce evidence that would overcome defendant's pleaded official immunity defense. The response is supported by the affidavits of defendant and William F. Rumuly, an employee of the Clerk of Municipal Court of the City of Fort Worth.

While the focus of plaintiff's response to the motion is not readily apparent, the court gives plaintiff the benefit of the doubt by assuming that he is intending to contend that he has

---

[2]The instant action is the seventh civil action plaintiff has filed in the Fort Worth Division of this court against various municipal or state officials and agencies, some of which appear to have characteristics similar to the instant action, and all but two of which appear to have been dismissed for lack of merit. The exceptions are the first two actions, which appear to have been terminated by reason of a complete or partial settlement.

3

adduced summary judgment evidence that, if believed, would raise one or more material issues of fact that would overcome the qualified and official immunity defenses. The response is supported by an appendix that contains, <u>inter alia</u>, plaintiff's affidavit, a copy of defendant's brief in support of her motion for summary judgment, a copy of defendant's affidavit in support of her motion, and copies of papers pertaining to, and describing events leading up to, plaintiff's arrest.

III.

<u>Analysis</u>

A.   <u>Pertinent Summary Judgment Principles</u>

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

4

immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of the pleadings, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

B. Plaintiff Has Not Adduced Any Evident That Would Raise a Material Fact Overcoming the Immunity Defenses

In order to overcome the qualified immunity defense, plaintiff must establish, first, that defendant's conduct violated a clearly established constitutional right and, second,

that, if it did, the conduct was objectively unreasonable. <u>Lukan v. North Forest ISD</u>, 183 F.3d 343, 346 (5th Cir. 1999). Once the defendant has invoked qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. <u>McClendon v. City of Columbia</u>, 305 F.3d 314, 323 (5th Cir. 2002). Adjudication of qualified immunity claims should be made at the earliest possible stage in the litigation. <u>Id.</u> On summary judgment, the plaintiff cannot rest on his pleadings, but the court looks to the evidence before the court to determine whether the plaintiff has adduced evidence that would raise an issue or issues for trial pertinent to the qualified immunity defense. <u>Id.</u>

A study of the summary judgment record leads the court to conclude that plaintiff has failed to adduce summary judgment evidence raising an issue of material fact that would defeat defendant's assertion of qualified immunity. There is no summary judgment evidence from which a fact finder could find that defendant's conduct violated a constitutional right of plaintiff or that defendant's conduct was objectively unreasonable in light of law that was clearly established at the time of her actions.

Defendant is immune from liability as to plaintiff's state law claims under the Texas doctrine of official immunity if in the performance of her discretionary duties she acted in good faith and within the scope of her authority. Cantu v. Rocha, 77 F.3d 795, 808-09 (5th Cir. 1996). A duty is discretionary when it involves personal deliberation, decision, and judgment. City of Lancaster v. Chambers, 883 S.W.2d 650, 654 (Tex. App.--San Antonio 1994, writ dism'd w.o.j.). An officer acts in good faith if a reasonably prudent officer, under the same or similar circumstances, could have believed that her actions were justified. Id. at 656. On the other hand, an officer acts in bad faith only if she could not reasonably have reached the decision in question. Univ. of Houston v. Clark, 38 S.W.3d 578, 581 (Tex. 2000).

Official immunity is an affirmative defense that protects government employees from personal liability. Id. at 580. Because official immunity is an affirmative defense, the defendant bears the burden to prove each element of the defense. Id. Defendant's summary judgment affidavit constitutes evidence that her interactions with plaintiff were in the performance of her discretionary duties, and that she acted in good faith and within the scope of her authority. Mot., App. at 1-3.

Again, plaintiff has failed to carry his summary judgment burden. Defendant's summary judgment affidavit recites facts that establish her entitlement to official immunity. Plaintiff has not adduced any summary judgment evidence that raises a material issue of fact as to defendant's official immunity defense to his state-law claims.

For the reasons given above, the court has concluded that the motion for summary judgment should be granted, and plaintiff's claims should be dismissed.

## IV.

### Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and all claims and causes of action alleged by plaintiff be, and are hereby, dismissed.

SIGNED October 19, 2010.

JOHN McBRYDE
United States District Judge